UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WADE BEST,

        Plaintiff,

vs.                                                     CIV. No. 04-0357 BB/WDS

CITY OF ALBUQUERQUE,
GILBERT GALLEGOS in his
individual capacity, MICHAEL
ARBOGAST, in his individual
Capacity,

        Defendants.

### MEMORANDUM OPINION

THIS MATTER comes before the Court for consideration of Defendants' July 16, 2004 motion to dismiss Count VI of Plaintiff's complaint (Doc. 21). The Court has reviewed the parties' submissions and the relevant law and, for the reasons set forth below, will DENY Defendants' motion. Oral argument is not necessary.

**Plaintiff's Complaint**

On February 3rd, 2003, Defendant Officer Arbogast arrested Plaintiff across the street from Plaintiff's home. In his complaint, Plaintiff alleges that the arrest violated his constitutional rights under the Fourth Amendment and the Fourteenth Amendment of the United States Constitution. Plaintiff is an African American and he alleges that the arrest was motivated by his race and this factor for arrest violated his right to equal protection. Plaintiff also alleges that Defendant Arbogast used unreasonable and excessive force in the arrest and that this violated Plaintiff's Fourth Amendment rights.

Defendants filed a Rule 12(b)(6), Fed.R.Civ.P., motion, arguing that Plaintiff failed to state a claim upon which relief could be granted because Plaintiff's arrest should analyzed under the reasonableness standard of the Fourth Amendment and not under the Fourteenth Amendment.

Plaintiff's complaint alleges that his neighbor, a white female, arrived uninvited at Plaintiff's residence on the afternoon of February 3rd, 2003. According to Plaintiff, the neighbor and her sister were involved in an argument at their residence across the street from Plaintiff's residence. The neighbor's sister called 911. Plaintiff convinced his neighbor to wait outside for the police, and Plaintiff and his dog accompanied her across the street to wait in front of the neighbor's house. The neighbor maintained communication with the police by phone and indicated to the dispatcher that she was outside waiting for the police. When the police arrived at the neighbor's residence, Plaintiff alleges that the officers approached Plaintiff and his neighbor with their guns unholstered. Specifically, Plaintiff complains that Defendant Arbogast had his taser out in a low and ready position. At this point, Plaintiff alleges he heard conflicting orders. In order to comply with a perceived command that he control his dog and leave the area, he ordered his dog home and began walking home himself. It was at this point that Defendant Arbogast tackled Plaintiff and forced Plaintiff to the ground. Defendant Arbogast handcuffed Plaintiff and Plaintiff alleges that Defendant Arbogast shot Plaintiff with the taser gun two times.

**Legal Analysis**

It is an "accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). "All well-pleaded facts, as distinguished from conclusory allegations, must be taken as true." Ruiz v. McDonnell, 299 F.3d 1173, 1181 (10th Cir. 2002) (citation omitted). When the court reviews the

sufficiency of the complaint, the court does not determine whether the plaintiff will prevail, but "whether the plaintiff is entitled to offer evidence to support her claims." Id.  Therefore, the complaint must be "liberally construed" and the court "must view all reasonable inferences in favor of the plaintiff." Id.

Defendants appear to misunderstand Plaintiff's complaint and read Plaintiff's complaint as only alleging that the seizure of Plaintiff's person was invalid. Defendants argue that Plaintiff does not have an equal protection claim because a claim of unreasonable seizure, involving excessive force, must be analyzed under the reasonableness standard of the Fourth Amendment. However, Plaintiff alleges that the factor motivating his arrest was his race, as well as alleging that the force used during the arrest was unreasonable and excessive.  "[T]he constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment." Whren v. United States, 517 U.S. 806, 813 (1996).  "[T]he Equal Protection Clause of the Fourteenth Amendment provides citizens a degree of protection independent of the Fourth Amendment protection against unreasonable searches and seizures." Marshall v. Columbia Lea Regional Hospital, 345 F.3d 1157, 1166 (10th Cir. 2003).  Furthermore, equal protection rights may still be violated even if the police officer's actions are valid under the Fourth Amendment. Id.  In Marshall, the plaintiff alleged that he was stopped for a traffic violation because he was an African American. Id.  The plaintiff also alleged that the defendant officer's stop and subsequent search of the plaintiff was not reasonable. Id. at 1165.  The Tenth Circuit analyzed the plaintiff's complaint as alleging separate violations of the plaintiff's Fourth and Fourteenth Amendment rights. Id. at 1165-1171.  Marshall is binding on this Court and is significant because under Marshall a plaintiff can allege an excessive force claim as well as an equal protection claim for the same incident.

To prove a claim of racially selective law enforcement, the plaintiff must prove that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. Id. at 1168.  Plaintiff alleged that he is an African American, he was similarly situated to a member of an unprotected class, and he was treated differently from that member of the unprotected class. *See, e.g.* Chavez v. Illinois State Police, 251 F.3d 612, 636 (7th Cir. 2001).  On a Rule 12(b)(6) motion, it is not this Court's function to weigh the evidence that the parties might present at trial, but rather it is the Court's function to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991).  The Tenth Circuit has held that an equal protection claim is a valid claim for a plaintiff to bring under the circumstances alleged in Plaintiff's complaint.  Therefore, Plaintiff is entitled to present evidence to support his claim.  Correspondingly, Defendants' 12(b)(6) motion to dismiss is denied.

## ORDER

A Memorandum Opinion having been entered in this case, it is ORDERED that Defendants' Fed.R.Civ.P. 12(b)(6) motion to dismiss (Doc. 21) be, and hereby is, DENIED.  It is furthermore ORDERED that this Memorandum Opinion and Order be filed in the following case: CIV 04-0357.

Dated this 6th day of October, 2004.

BRUCE D. BLACK
United States District Judge

**ATTORNEYS:**
**For Plaintiff:**
Robert J. Gorence
Louren Oliveros

**For Defendants:**
Robert M. White
Stephanie M. Griffin
Lara C. Zdravecky